IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVON P. CLARK, | § | |
| | § | |
| Defendant Below, | § | No. 214, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0806025325 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 23, 2018
Decided: April 24, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the parties' briefs[1] and the record below, the Court concludes that:

(1) The appellant, Devon P. Clark, filed this appeal from a Superior Court order denying his motion to appoint conflict counsel to file an application for sentence modification under 11 *Del. C.* § 4214(f).[2] The Superior Court held Clark

---

[1] We have not considered the appellant's untimely reply brief, which was filed more than thirty days after the answering brief. *See* Supr. Ct. R. 15(a)(iii) (providing that reply brief must be filed not later than fifteen days after service of the answering brief).

[2] A notice to show cause directing Clark to show why this appeal should not be dismissed based on this Court's lack of jurisdiction to hear a criminal interlocutory appeal was discharged after Clark and the State argued that the Superior Court order on appeal was a final order. The Superior Court order on appeal left Clark without any further avenue to pursue relief under § 4214(f).

was ineligible for relief under § 4214(f) and denied his motion to appoint conflict counsel. We affirm the Superior Court's judgment.

(2) The record reflects that, on April 9, 2009, Clark pled guilty to Robbery in the Second Degree and Criminal Impersonation. The State filed a motion to declare Clark a habitual offender under § 4214(a). The motion was based on the following felony convictions: (i) Possession Within 1000 Feet of School committed in January 2004; (ii) Possession with Intent to Deliver committed in March 1999; (iii) Robbery in the First Degree committed in February 1990; (iv) Assault in the Second Degree and Possession of a Deadly Weapon During the Commission of a Felony committed in March 1989; and (v) Robbery in the Second Degree committed in March 1985.

(3) The Superior Court granted the State's motion to declare Clark a habitual offender under § 4214(a). Clark was sentenced as follows: (i) for Robbery in the Second Degree, as a habitual offender under 11 *Del. C.* 4214(a), fifteen years of Level V incarceration with credit for 148 days previously served; and (ii) for Criminal Impersonation, one year of Level V incarceration, suspended for one year of Level III probation. On direct appeal, this Court affirmed the Superior Court's judgment.[3]

---

[3] *Clark v. State*, 2009 WL 4688938 (Del. Dec. 9, 2009).

(4)     On March 23, 2017, Clark asked the Superior Court for permission to proceed *pro se* with a request to modify his habitual offender sentence under 11 *Del. C.* § 4214(f). Under Superior Court Special Rule of Procedure 2017-1, which was enacted by the Superior Court as directed by the General Assembly in 11 *Del. C.* § 4214(f), a request for certificate of eligibility under § 4214(f) may only be filed by the petitioner's attorney of record or the Office of Defense Services.[4] The Superior Court will not consider a *pro se* request under 4214(f) unless the petitioner is granted permission to proceed *pro se*.[5] The Superior Court denied Clark's March 23, 2017 request without prejudice and forwarded Clark's filing to his counsel at the time of sentencing.

(5)     The Office of Defense Services subsequently informed Clark he was not eligible for relief under § 4214(f). On April 26, 2017, Clark filed a motion for appointment of conflict counsel to represent him in his request for sentence modification under § 4214(f). The Superior Court found Clark was not eligible for relief under § 4214(f) and denied his motion to appoint conflict counsel. The Superior Court did not grant Clark permission to proceed *pro se*. This appeal followed.

---

[4] Del. Super. Ct. Spec. R. 2017-1(c)(2).
[5] *Id.*

3

(6)    On appeal, Clark argues that the Superior Court erred in finding he was not eligible for relief under § 4214(f) and in denying his motion for appointment of conflict counsel to file a certificate of eligibility under Superior Court Special Rule of Procedure 2017-1(c)(2).  Clark contends he was eligible for relief under § 4214(f) and appointment of counsel because: (i) he was sentenced before July 19, 2016 for a violent felony under § 4214(a); (ii) the sentence was not subject to suspension and constituted a minimum mandatory sentence because the terms minimum, mandatory, minimum mandatory, and mandatory minimum are synonymous under § 234; and (iii) he has served the required minimum sentence.  The State argues Clark was not eligible for relief under § 4214(f) because the Superior Court exercised its discretion to sentence Clark to more than the statutory maximum for Robbery in the Second Degree and he was not entitled to appointment of counsel.

(7)    We review questions of statutory interpretation *de novo*.[6]  "The goal of statutory construction is to determine and give effect to legislative intent."[7]  If the statute is determined to be unambiguous, "there is no need for judicial interpretation, and the plain meaning of the statutory language controls."[8]  "A statute is ambiguous 'if it is reasonably susceptible of different constructions or interpretations' or 'if a literal reading of the statute would lead to an unreasonable or absurd result not

---

[6] *Smith v. Guest*, 16 A.3d 920, 935 (Del. 2011).
[7] *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999).
[8] *Id.*

contemplated by the legislature.'"[9]  When a statute is ambiguous, a court may refer to the legislative history to interpret the statute.[10]

(8)     Effective July 19, 2016, the relevant provisions of § 4214(f) provided:

Notwithstanding any statute, court rule or regulation to the contrary, beginning January 1, 2017, any person sentenced as an habitual criminal prior to July 19, 2016, shall be eligible to petition the Superior Court for sentence modification after the person has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense or offenses, whichever is greater.  Absent extraordinary circumstances, the petitioner may only file 1 application for sentence modification under this section.  A Superior Court Judge upon consideration of a petition filed pursuant to this subsection may modify, reduce or suspend such petitioner's sentence, excepting any minimum or mandatory sentence required by this section or the statutes describing said offense or offenses.  If a Superior Court Judge modifies such petitioner's sentence, the Judge may impose a suspended sentence that includes a probationary term. Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section.  For the purposes of this subsection, the "applicable mandatory sentence" shall be calculated by reference to the penalties prescribed for the relevant offense or offenses by this Code as of July 19, 2016, unless said offense has been repealed, in which case the penalties prescribed by this Code at the time of the act repealing said offense shall be controlling.

(9)     On April 13, 2017, these provisions were amended as reflected in bold below:

Notwithstanding any statute, court rule or regulation to the contrary, beginning January 1, 2017, any person sentenced as an habitual criminal **to a minimum sentence of not less than the statutory**

---

[9] *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 933 (Del. 2007) (quoting *Newtowne Vill. Serv. Corp. v. Newtowne Rd. Dev. Co.*, 772 A.2d 172, 175 (Del. 2001)).
[10] *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 650 A.2d 1270, 1287 (Del. 1994).

**maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title** prior to July 19, 2016, shall be eligible to petition the Superior Court for sentence modification after the person has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense or offenses, whichever is greater. Absent extraordinary circumstances, the petitioner may only file 1 application for sentence modification under this section. A Superior Court Judge upon consideration of a petition filed pursuant to this subsection may modify, reduce or suspend such petitioner's sentence, excepting any minimum or mandatory sentence required by this section or the statutes describing said offense or offenses. If a Superior Court Judge modifies such petitioner's sentence, the Judge may impose a suspended sentence that includes a probationary term. Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section. For the purposes of this subsection, the "applicable mandatory sentence" shall be calculated by reference to the penalties prescribed for the relevant offense or offenses by this Code as of July 19, 2016, unless said offense has been repealed, in which case the penalties prescribed by this Code at the time of the act repealing said offense shall be controlling.

(10)    When Clark was sentenced for Robbery in the Second Degree as a habitual offender, § 4214(a) provided a habitual offender could receive a sentence of up to life imprisonment and would "receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the 4th or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title."[11]  The statutory maximum penalty for Robbery in the

---

[11] 11 *Del. C.*§ 4214(a) (2008).

6

Second Degree, the violent felony[12] forming the basis of the State's petition to declare Clark an habitual offender, was five years of Level V incarceration.[13] Clark therefore faced a sentence between five years of Level V incarceration and life imprisonment. The sentencing judge exercised his discretion to sentence Clark to fifteen years of Level V incarceration, which exceeded the five-year maximum statutory penalty for Robbery in the Second Degree under § 4214(a). Because the sentencing judge exercised his discretion under § 4214(a) to sentence Clark to fifteen years of Level V incarceration instead of five years of Level V incarceration, Clark did not receive "a minimum sentence of not less than the statutory maximum penalty for a violent felony."[14]

(11) Even if we accepted Clark's interpretation of "a minimum sentence of not less than the statutory maximum penalty for a violent felony" to include his fifteen-year sentence as reasonable and deemed § 4214(f) ambiguous, the legislative history does not support this interpretation. The General Assembly amended § 4214(f) in 2017 to clarify that the 2016 amendments were intended "to focus upon the minimum mandatory sentences imposed by the habitual offender statute, as opposed to those sentences where sentencing judges have complete discretion with

---

[12] 11 *Del. C.* § 4201(c) (2008) (classifying Robbery in the Second Degree as a violent felony).
[13] 11 *Del. C.* § 831 (2008) (defining Robbery in the Second Degree as a Class E felony); 11 *Del. C.* 4205(b)(5) (2008) (providing punishment for Class E felony is up to five years of Level V incarceration).
[14] 11 *Del. C.* § 4214(f) (2017).

respect to sentencing."[15]  The Superior Court exercised discretion in sentencing Clark to fifteen years of Level V incarceration for Robbery in the Second Degree, instead of the five-year minimum mandatory under § 4214.  The Superior Court did not err in holding Clark was not eligible for relief under 11 *Del. C.* § 4214(f).  In light of this holding, the Superior Court also did not err in denying Clark's motion for appointment of conflict counsel to file a certificate of eligibility under § 4214(f).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[15] 81 Del. Laws ch. 6 (2017).